UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION
CIVIL ACTION # 4:21-CV-35
*Electronically Filed*

KELLI HINES                                                                             PLAINTIFF

vs.                                            **COMPLAINT**

GERALD KOPP, JR.
501 E. Court Ave.
Jeffersonville, IN 47130

and

KELLWELL FOOD MANAGEMENT, INC.
637 Fairground Ridge Road
Beattyville, KY 41311

        SERVE:    Clark County Jail Holding Corporation
                            501 East Court Avenue
                            Jeffersonville, IN 47130

and

JAMEY NOEL, in his
official capacity as Clark County Sheriff
Clark County Sheriff's Department
501 E. Court Ave.
Jeffersonville, IN 47130                               DEFENDANTS

\* \* \* \* \* \* \*

Plaintiff Kelli Hines, for her Complaint against Defendants Gerald Kopp, Jr., Kellwell Food Management, Inc., and Jamey Noel states as follows:

**PARTIES**

1. Plaintiff Kelli Hines ("Hines") is, and at all times relevant herein was, a resident of Indiana.

2. Defendant Gerald Kopp, Jr. ("Kopp") is an individual currently residing in the Clark County Jail.

3. Defendant Kellwell Food Management, Inc. ("Kellwell") is a Kentucky corporation doing business in Indiana on behalf of the Clark County Sheriff.

4. Defendant Jamey Noel ("Noel") at all times relevant herein was the elected Sheriff of Clark County Indiana. He was responsible for the conditions in the Clark County Jail ("Jail"), for the establishment of policies either formally or by custom or practice, and for the employment, training, supervision, and conduct of staff at the Jail. Noel is named in his official capacity as Clark County Sheriff.

## JURISDICTION AND VENUE

5. Plaintiff Hines seeks actual and punitive damages from Defendants under the Civil Rights Act of 1871, 42 U.S.C. § 1983, for gross and unconscionable violations of the rights, privileges and immunities guaranteed her by the Constitution of the United States, and under the common law of the State of Indiana.

6. Plaintiff's claims exceed the jurisdictional threshold of this Court.

7. As Clark County Indiana is the location of all acts on which Plaintiff's claims are based, venue is proper in this Court.

## STATEMENT OF FACTS

8. In 2019, Plaintiff Kelli Hines was incarcerated at the Clark County Jail.

9. The Clark County Jail ("the Jail") has been understaffed since at least 2016.

10. The Clark County policies regarding sexual abuse of inmates are inadequate to protect female inmates.

11. The Clark County Sheriff does not train staff to recognize or address the sexual abuse of inmates.

12. In April 2019, Defendant Kellwell Food Management, Inc. ("Kellwell") approached Clark County Sheriff Jamey Noel about providing a culinary program for Clark County inmates. Kellwell was already under contract to offer food services at the Jail.

13. In July 2019, Kellwell hired Gerald Kopp to teach a women's culinary arts program.

14. Kopp was also employed by Clark County as a pre-trial probation officer.

15. Kopp had a basement office that was not monitored by any security cameras or corrections staff.

16. The culinary arts program was offered to seven women, each of whom passed a variety of suitability screenings. Plaintiff Kelli Hines was selected to participate.

17. The classes were conducted three evenings per week.

18. Over the course of the cooking program, Kopp expressed an unusual interest in Hines and other inmates, which escalated over time.

19. Kopp started by sharing intimate personal details about himself with Hines.

20. Kopp then started removing Hines from her housing unit on a regular basis to talk.

21. Other staff members knew that Kopp removed Hines and other inmates from her housing unit on a regular basis.

22. Kopp then began offering Hines and other inmates items that were otherwise unavailable to them at the Jail, including candy, e-cigarettes, and alcohol.

23. Next, Kopp told Hines that he knew people who could "pull strings," and that he would testify on her behalf during sentencing.

24. Kopp gave Hines a camera and asked her to take explicit pictures of herself in.

25. Finally, Kopp escalated to removing Hines from her housing unit, taking her to his unmonitored office, and coercing Hines to engage in sex acts with him and another inmate in exchange for his assistance with their sentencing.

26. Kopp did not use a condom during the coerced sexual encounter.

27. Hines sought medical treatment after this first sexual encounter due to fear of contracting a sexually transmitted infection from Kopp.

28. Hines was prescribed medication to treat vaginal infections.

29. No investigation was initiated following Hines's medical appointment.

30. Kopp once again removed Hines from her housing unit, took her to his unmonitored office, and coerced Hines to engage in sex acts with him and another inmate.

31. Other staff members at the Jail knew that Kopp's office was not monitored by any security cameras and that women from the culinary arts program had been in Kopp's office.

32. The eventual investigation into Kopp, which took place after the damage to Hines had already been inflicted, resulted in multiple felony and misdemeanor criminal charges against him.

**COUNT I – CONSTITUTIONAL VIOLATIONS UNDER 42 U.S.C. § 1983**

33. Plaintiff reiterates and incorporates by reference, as if set forth fully herein, each and every averment, allegation or statement contained in each of the previous paragraphs of this Complaint.

34. Through their conduct described above, Defendants deprived Hines of her right to be free of cruel and unusual punishment secured by the Eighth Amendment guaranteed to her by the Constitution of the United States in violation of the Civil Rights Act of 1871, 42 U.S.C. § 1983, resulting in harm to Hines.

### *Serious and Excessive Risk to Health and Safety through Sexual Assault (against Defendants Kopp and Kellwell)*

35. Plaintiff incorporates all above paragraphs.

36. Defendant Kopp was acting under the color of state law when he undertook the actions described above.

37. Defendant Kopp was at all relevant times employed by and acting for Kellwell Food Management.

38. Kopp's actions evince a total, intentional, and deliberate indifference for Hines's constitutional rights.

39. Kopp was aware that his above-described actions would result in violations of Hines's constitutional rights.

40. Through his intentional conduct, Kopp deprived Hines of her right to be free of cruel and unusual punishment secured by the Eighth Amendment guaranteed to her by the Constitution of the United States in violation of the Civil Rights Act of 1871, 42 U.S.C. § 1983.

41. Moreover, given the pre-existing law and standards that clearly prohibited Kopp's conduct, Kopp's abuse of Hines was intentional, wanton, and malicious, and indicative of Kopp's total deliberate indifference to the serious and excessive risk to Hines's health and safety.

42. Defendant Kellwell was acting under color of state law when it established inmate programming, hired Kopp, and failed to supervise Kopp.

43. Defendant Kellwell exercised supervisory authority over Defendant Kopp.

44. Defendant Kellwell failed to promulgate, review, and train its staff working in the Jail on procedures necessary to prevent, detect, and respond to sexual abuse of inmates in the culinary program and ensure that inmates in the culinary program are not exposed to a serious and excessive risk to their health or safety.

*Supervisory Liability, Policymaker Liability, Failure to Train*
*(against Defendant Jamey Noel )*

45. Plaintiff incorporates all above paragraphs.

46. The abuses to which Hines was subjected, as described above, was the result of Defendant's failure to adequately train and supervise employees, and failure to promulgate or enforce appropriate policies to maintain the safety of inmates and program participants.

47. Defendant Noel was a final policymaker and decisionmaker for the Clark County Jail and had oversight responsibility for ensuring that:

    a) inmates were not exposed to a serious and excessive risk to their health or safety;

    b) the staff were trained to prevent, detect, and respond to sexual abuse of inmates;

    (c) inmates knew how to safely report sexual harassment and sexual abuse at the Jail;

    (d) officers, employees, and contractors were adequately trained and supervised;

   (e) the Jail was adequately and properly staffed with resources necessary to protect inmates from sexual abuse;

   (f) the Jail had adequate surveillance; and

   (g) policies, customs, and practices to prevent the sexual exploitation of inmates were enacted and enforced.

48. Defendant Noel failed to promulgate, review, and train Jail staff on procedures necessary to prevent, detect, and respond to sexual abuse of inmates and ensure that inmates are not exposed to a serious and excessive risk to their health or safety.

49. Defendant maintained a policy, custom, or pattern and practice of failing to adequately protect vulnerable residents in accordance with Prison Rape Elimination Act (PREA) and other applicable standards.

50. Defendant's deliberate indifference to the rights of Clark County Jail's most vulnerable residents, failure to appropriately supervise residents and staff, failure to adequately train staff, failure to promulgate and enforce appropriate policies, and adherence to unconstitutional policies, customs, practices, and procedures directly led to a violation of Hines's constitutional rights.

51. Defendant was on actual or constructive notice that the lack of training regarding sexual abuse of inmates and inadequate staffing and supervision were likely to result in the violation of the constitutional rights of those inmates, including Hines.

52. As a result of the foregoing failures, and the other institutional failures identified in this Complaint, the inadequacy of Sheriff Noel's policies, customs, practices, and procedures were so likely to result in the violation of constitutional rights that Defendants, by and

through their final policymaker, can reasonably be said to have been deliberately indifferent to a serious and excessive risk to the health and safety of Hines and inmates like her.

53. As a direct and proximate result of the aforementioned conduct, Hines suffered physical harm, emotional distress, and mental anguish.

## COUNT II – NEGLIGENCE

### *(Against Kellwell)*

54. Plaintiff reiterates and incorporates by reference, as if set forth fully herein, each and every averment, allegation or statement contained in each of the previous paragraphs of this Complaint.

55. Defendant Kellwell had a duty under Indiana common law to adequately hire, train, and supervise staff in order to ensure the safety, protection, and well-being of inmates.

56. Defendant breached the duties identified above through the actions and inactions described above.

57. Defendant's actions were a substantial factor in Hines suffering the above-described injuries.

58. Kopp committed his above-described wrongful acts as an agent of Kellwell.

59. Defendant Kellwell is vicariously liable for the tortious conduct of Defendant Kopp.

60. As a direct and proximate result of Defendant's breach of its duties, Hines has suffered losses in excess of the jurisdictional limits of this Court, including physical harm, emotional distress, embarrassment, humiliation, and mental anguish.

## DAMAGES

61. Defendants' actions, collectively and individually, directly and proximately caused Hines to be damaged in an amount exceeding the jurisdictional limits of this Court.

62. As set forth above, Hines was unjustifiably and unconstitutionally treated in a manner that led to physical and sexual abuse, embarrassment, humiliation, and mental and emotional distress. As a result, she has suffered, and is entitled to recover, actual and compensatory damages.

63. Furthermore, Defendants' violations of the constitutional and common law rights of Hines evinced a total and reckless disregard for and indifference to those rights, entitling Hines to recover punitive damages from Defendants in order to deter such conduct in the future.

**WHEREFORE,** Plaintiff requests:

A.  A trial by jury;

B.  An award of actual, compensatory and punitive damages;

C.  Injunctive relief as appropriate, including an order requiring Defendants to comply with applicable Prison Rape Elimination Act standards and to provide adequate security measures and personnel standards to protect inmates;

D.  An award of Plaintiff's costs and attorney fees under 42 U.S.C. § 1988, and all other relief to which she is entitled under law or in equity; and

E.  Any and all other relief to which she may be entitled to under the law.

Respectfully submitted,

/s/ *Laura E. Landenwich*
Laura E. Landenwich, #27709-22
ADAMS LANDENWICH WALTON, PLLC
517 W. Ormsby Avenue
Louisville, KY 40203
(502) 561-0085
laura@justiceky.com
*Counsel for Plaintiff*